United States District Court
Southern District of Texas
**ENTERED**
August 16, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STEVEN CROFTS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:15-CV-00919 |
| § | |
| DOUBLEBARREL DOWNHOLE § | |
| TECHNOLOGIES, § | |
| § | |
| Defendant. § | |

## ORDER

Before the Court are Defendant DoubleBarrel Downhole Technologies' ("DoubleBarrel") Amended Motion for Complete Summary Judgment (Doc. #43), Plaintiff Steven Crofts' ("Crofts") Response in Opposition to DoubleBarrel's Motion for Complete Summary Judgment (Doc. #47), DoubleBarrel's Reply to Crofts' Response (Doc. #49), and Crofts' Reply in Support of his Response in Opposition of DoubleBarrel's Motion (Doc. #53). Having considered the arguments and the applicable legal authority, the Court denies DoubleBarrel's Motion for Summary Judgment.[1]

### I. Background

This is a Fair Labor Standards Act ("FLSA") action brought by Plaintiff, Crofts, to recover unpaid overtime wages he was allegedly entitled to under the FLSA from Defendant, DoubleBarrel. In response, DoubleBarrel has moved for summary judgment arguing Crofts is exempt from the FLSA's overtime requirements under the highly compensated employee ("HCE") exemption and the outside sales exemption. Doc. #43. Crofts asserts that DoubleBarrel has waived the FLSA exemptions, and that summary judgment is improper because there are fact

---

[1] Accordingly, Crofts' Motion to Strike Exhibits (Doc. #46) is DENIED as moot.

issues relevant to whether he is exempt under the HCE exemption and/or the outside sales exemption.

Crofts was employed by DoubleBarrel from October 2011 until he was laid off on March 17, 2015. Doc. #47, Ex. 2 at 3. Crofts claims he regularly worked over 40 hours per week and is owed overtime wages from the time he was hired as a Field Engineer until he was promoted to Sales and Operation Manager on April 21, 2014. *Id.* As a Field Engineer, Crofts' duties included traveling to drill sites, rigging up and down equipment, operating the Rotary Steerable System ("RSS") tool, inputting data into the tool, and monitoring the tool via a computer screen to ensure it was running properly.[2] Doc. #43. Additionally, at some time during his employment with DoubleBarrel, Crofts performed job duties related to sales. Doc. #43 at 18. Crofts states that in 2012, he was paid a base salary of $50,000 plus a $750 "day rate" for his time spent at drill sites. Doc. #43, Ex. B, Crofts Deposition 36:11-25, at 91.

## II. Law

### a. Motion for Summary Judgment

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). When a movant seeks summary judgment on an affirmative defense, as here, the movant "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). "Once the movant does so,

---

[2] The Court notes that there are additional disputed duties.

2

the burden shifts to the nonmovant to establish an issue of fact that warrants trial." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 420 (5th Cir. 2016).

"A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (internal quotation marks omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)) (internal quotation marks omitted).

When the moving party has met its Rule 56 burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

    b. **Fair Labor Standards Act**

The FLSA establishes a general rule that employers must pay overtime wages to employees who work in excess of 40 hours during a seven-day workweek. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001) (citing 29 U.S.C. § 207(a) (1)). "This requirement, however, does not apply to 'any employee employed in a bona fide executive, administrative, or

professional capacity.'" *Hines v. Key Energy Servs., LLC*, 5-15-CV-00911-FB-ESC, 2017 WL 2312931, at *3 (W.D. Tex. May 26, 2017) (quoting 29 U.S.C. § 213(a)(1)) (internal quotation mark omitted). An employee is entitled to overtime compensation unless the employer can prove that the employee falls within one of several statutory exemptions. *Vela*, 276 F.3d at 666. Exemptions from the FLSA's general rule are narrowly construed against the employer, and the application of an exemption is an affirmative defense on which the employer bears the burden of proof. *Allen v. Coil Tubing Servs., L.L.C.*, 755 F.3d 279, 283 (5th Cir. 2014) (citing *Songer v. Dillon Res., Inc.*, 618 F.3d 467, 471 (5th Cir. 2010)). The inquiry into an employee's exempt status is "intensely fact bound and case specific." *Dalheim v. KDFW-TV*, 918 F.2d 1220, 1226 (5th Cir. 1990). "However, the ultimate decision whether the employee is exempt from the FLSA's overtime compensation provisions is a question of law." *Lott v. Howard Wilson Chrysler–Plymouth, Inc.*, 203 F.3d 326, 330–31 (5th Cir. 2000).

### III. Analysis

DoubleBarrel argues Crofts is exempt from overtime wages under the HCE exemption and outside sales exemption. As an initial matter, the Court will address whether DoubleBarrel has waived the FLSA exemptions by failing to plead the specific exemptions in its answer. Then, if appropriate, the Court will consider whether DoubleBarrel has established an absence of genuine issues of material fact as to the elements of the HCE exemption and/or outside sales exemption.

#### a. Affirmative Defense Pleading Standard

In his response to DoubleBarrel's Amended Motion for Summary Judgment, Crofts argues DoubleBarrel has waived the HCE and outside sales exemptions as affirmative defenses because they were not specifically pled in DoubleBarrel's Answer to the Complaint. Doc. #47 at

7. "A claim of exemption under the FLSA is an affirmative defense that, pursuant to Fed.R.Civ.P. 8(c), must be specifically pleaded or it will be deemed waived." *Floridia v. DLT 3 Girls, Inc.*, No. 4:11-CV-3624, 2012 WL 1565533, at *3 (S.D. Tex. May 2, 2012) (quoting *Hogue v. Gyarmathy & Assoc., Inc.*, No. 2:10-CV-195-FtM-36SPC, 2010 WL 2510663, at *1 (M.D. Fla. June 21, 2010)). However, "it is left up to the discretion of the court to determine whether the party against whom the unpleaded affirmative defense has been raised has suffered prejudice or unfair surprise." *Levy Gardens Partners 2007, L.P. v. Commonwealth Land Title Ins. Co.*, 706 F.3d 622, 633 (5th Cir. 2013) (quoting *Aunt Sally's Praline Shop, Inc. v. United Fire & Cas. Co.*, 418 F. App'x 327, 330 (5th Cir. 2011)).

The Court finds that DoubleBarrel's failure to plead the specific exemption under the FLSA does not result in an unfair surprise or prejudice to Crofts. As this case focuses on the issue of whether DoubleBarrel misclassified Crofts as exempt from overtime compensation under the FLSA, Crofts was put on notice by the very nature of the suit that these exemptions would be relevant to the determination of DoubleBarrel's liability. In addition, Crofts has a fully briefed response addressing the very exemptions he claims were waived. *See Madsen v. Bank of Am., N.A.*, No. 3:12-CV-0896-G, 2013 WL 821970, at *3 (N.D. Tex. Mar. 6, 2013) (holding defendant raising an affirmative defense in a summary judgment motion was not an unfair surprise to the plaintiff because it was well before trial and plaintiff had ample opportunity to respond). Thus, the Court finds that DoubleBarrel has not waived its affirmative defenses, and the Court will consider DoubleBarrel's Motion for Summary Judgment on the issue.

### a. Highly Compensated Employee Exemption

DoubleBarrel first argues that Crofts was exempt from the FLSA's overtime requirements under the HCE exemption as an administrative employee. Doc. #43 at 5-6. An

employee may qualify as a highly compensated administrative employee if (1) the employee receives a total annual compensation of at least $100,000, including at least $455 per week paid on a salary or fee basis, and (2) customarily and regularly performs office or non-manual work directly related to the management or general business operations of the employer or the employer's customers OR exercises discretion and independent judgment with respect to matters of significance. 29 C.F.R. § 541.601. Moreover, "[a] high level of compensation is a strong indicator of an employee's exempt status, thus eliminating the need for a detailed analysis of the employee's job duties." § 541.601(c).

DoubleBarrel argues (1) Crofts earned well over $100,000 in each year at issue; (2) his primary duties included non-manual office work; (3) he acted as an advisor or consultant to DoubleBarrel's customers; and (4) he made recommendations on modifications to the drilling based on his personal judgment. Though the only evidence before the Court is that Crofts made over $100,000 a year, the Court finds genuine issues of material fact exist in regard to whether Crofts customarily and regularly performed office or non-manual work directly related to the management or general business operations of the employer or employer's customers OR exercised discretion and independent judgment with respect to matters of significance. Accordingly, summary judgment is inappropriate on this exemption.

### b. Outside Sales Exemption

DoubleBarrel also argues Crofts is exempt under the outside sales exemption. Doc. #43 at 22-23. "The DOL regulations define an outside salesman as an employee:

(1) Whose primary duty is:

(i) making sales within the meaning of section 3(k) of the Act, or

(ii) obtaining orders or contracts for services or for the use of facilities for which a

consideration will be paid by the client or customer;

and

(2) Who is customarily and regularly engaged away from the employer's place or places of business in performing such primary duty."

29 C.F.R. § 541.500(a)(1)-(2).

DoubleBarrel asserts that Crofts qualifies for the outside sales exemption because he marketed the RSS tool to customers and engaged in promotional work at drill sites. Doc. #43 at 22. Crofts contends that he did not customarily and regularly make sales or perform other sales related work during the time he worked as a Field Engineer. Doc. #47 at 20. DoubleBarrel does not specify if Crofts performed this sales related work while he was employed as a Field Engineer (the time relevant here), or after he was promoted to Sales and Operation Manager on April 21, 2014. As such, a genuine issue of material fact exists as to whether Crofts was customarily and regularly engaged in sales efforts under the FLSA. Accordingly, summary judgment on this issue is inappropriate.[3]

## IV. Conclusion

For the foregoing reasons, DoubleBarrel's Motion for Summary Judgment is DENIED.

It is so ORDERED.

AUG 1 6 2017
_____    _____
Date                            The Honorable Alfred H. Bennett
                                United States District Judge

---

[3] DoubleBarrel also moves for summary judgment on Crofts' assertion that DoubleBarrel willfully violated the FLSA. As the Court has determined issues of material fact exist as to the exemptions themselves, the willfulness issue is more properly addressed at trial. Likewise, DoubleBarrel's offset issue is more properly addressed at trial.